**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **JEFFREY TODD, #1803650** | § | |
|     *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:16-CV-00288-RP** |
| | § | |
| **REGINALD HAWKINS,** *et al.,* | § | |
|     *Defendants.* | § | |

___

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST

Defendants Reginald Hawkins, Anthony Marrero, and Jeffrey Craighead (collectively, "Defendants"), by and through undersigned counsel, respectfully file their objections to Plaintiff Jeffrey Todd's exhibit list[1]:

**Plaintiff's Exhibit No. 2: Todd's Grievance Response (TODD 228)**

Defendants object to Todd's Grievance Response (TODD 228) as inadmissible hearsay. FED. R. EVID. 801. The grievance response was written by Michel Seigman, an individual not disclosed by Plaintiff Todd as a testifying witness. The grievance response is an internal administrative investigation that should be excluded from evidence at trial and constitutes inadmissible hearsay. TDCJ's findings with regards to Mr. Todd's grievance is irrelevant, substantially more prejudicial than probative and would tend to confuse the jury as to the issues in this case. FED. R. EVID. 401, 403.

**Plaintiff's Exhibit No. 7: Todd UOF Injury Report (TODD 795-796)**

Defendants object to the entry of Mr. Todd's use of force injury report. FED. R. EVID. 401, 403, and 801. This injury report was authored by a Nurse at the Hughes Unit and summarizes the injuries reported to him by Mr. Todd allegedly from the use of force incident with Defendants. This

___

[1] Plaintiff's Exhibit List does not contain exhibit numbers. To aid the Court in identifying Defendants' objections to Plaintiff's exhibits, Defendants have numbered Plaintiff's exhibit list in chronological order and utilize this numbering in its Motion.

evidence is substantially more prejudicial than probative and may confuse the issues of the case because it occurred six days after the alleged use of force and therefore lacks credibility. This report is also inadmissible hearsay.

**Plaintiff's Exhibit Nos. 9, 10, 16, 17, 23, and 24: Reprimand and Resignation Forms of Jeffrey Craighead and Reginald Hawkins**

Defendants object to the entry of reprimand and resignation forms of each defendant related to the incident forming the basis of this lawsuit. FED. R. EVID. 401, 403 and 407. These reprimand and resignation forms are substantially more prejudicial than probative. Each defendant can testify about their respective reprimands and/or resignations following their incident with Mr. Todd. Further, these records constitute subsequent remedial measures, which are inadmissible at trial, when offered to prove that an earlier injury or harm would be less likely to occur. FED. R. EVID. 407. None of the exceptions to this rule (impeachment, or ownership, control or feasibility of precautionary measures) apply to this case. Thus, records of Defendants' reprimand and resignation forms is inadmissible.

**Plaintiff's Exhibits Nos. 13, 14, 15, 28, 59, 60, 61, 62, and 66: IOCs and Statements About the Alleged Use of Force**

These IOC statements and narratives are inadmissible under FED. R. EVID. 401, 403, 602, 801 and 805. Each of these statements are written by individuals who are not parties to this lawsuit and include TDCJ's conclusions subsequent to the use of force and is therefore inadmissible because they are substantially more prejudicial than probative. Further, these exhibits contain statements by individuals that lack personal knowledge of the alleged use of force. Finally, these statements and narratives constitute inadmissible hearsay because they summarize the statements made by other individuals. The author of such statement lacks personal knowledge of the events in question. Mr. Todd has listed Patrick, Newton and Tolleson on his witness list, and each can testify regarding their statements and narratives related to this incident.

**Plaintiff's Exhibit Nos. 69, 70, 72, 73, 74, and 75: Defendants' Disciplinary Reports Before March 15, 2016.**

Defendants object to reprimand forms of Defendants' previous disciplinary histories. FED. R. EVID. 401, 403 and 404(b). Defendants' previous disciplinary infractions are all inadmissible because they are substantially more prejudicial than probative and will confuse and enflame the jury. Defendants are not on trial for their actions as described in any of these previous reprimand forms. Further, evidence of "prior bad acts" are inadmissible character evidence under FED. R. EVID. 404(b). Evidence of the Defendants' prior disciplinary forms constitutes inadmissible character evidence and should be excluded at trial.

**Plaintiff's Exhibit Nos. 32 and 36: Sick Call Requests**

Defendants object to two sick call requests written by Mr. Todd as irrelevant. FED. R. EVID. 401, 403. These sick call requests are irrelevant because they do not mention the alleged use of force or any resulting injury. Instead, these records involve only vague references to pain medication. Entry of these records are irrelevant and substantially more prejudicial than probative because they will confuse the jury of the issues in this case and mislead the jury.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**LACEY E. MASE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General
Attorney-in-Charge
Texas State Bar No. 24077883
briana.webb@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Office (512) 463-2080 / Fax (512) 370-9891

**ATTORNEYS FOR DEFENDANTS
HAWKINS, MARRERO & CRAIGHEAD**

## NOTICE OF ELECTRONIC FILING

I, **BRIANA M. WEBB**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Defendants' Objections to Plaintiff's Exhibit List** in accordance with the Electronic Case Files system of the United States District Court, Western District of Texas, Waco Division on September 14, 2017.

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **BRIANA M. WEBB**, Assistant Attorney General of Texas, certify that a true copy of the above **Defendants' Objections to Plaintiff's Exhibit List** has been served on all attorneys of record via CM/ECF electronic notice on September 14, 2017.

Karson K. Thompson       *Via Email*: kthompson@beckredden.com
Beck Redden, LLP
515 Congress Avenue, Suite 1900
Austin, TX 78701
(512) 900-3218

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General